## FANNIE W. THORNE

*v.*

## PURNELL W. ANDREWS et al.

A petition to set aside a master's sale in partition was dismissed, where an application to the master to adjourn the sale was made after the sale had begun; the price obtained for the premises was satisfactory; the master's discretion as to selling nine lots in gross, fairly exercised, and the petitioner was in laches in presenting his petition.

In partition.   On order to show cause why sale should not be set aside.   On petition.

*Mr. C. A. Bergen,* for the petitioners.

*Mr. C. P. Stratton,* for complainant.

*Mr. E. A. Armstrong,* for a purchaser.

THE CHANCELLOR.

Application is made to set aside the master's sale in this suit, on the following grounds : that a reasonable request for an adjournment, made by one of the petitioners, was refused; that the sale was a surprise on the petitioners, because, as they allege, it was understood between Purnell W. Andrews, one of the petitioners (who was acting for all of them), and the complainant's solicitor, that the property was not to be sold at a sacrifice; that the sale was conducted in a "mysterious" way, and not understood by the persons present; that the principal piece of the property, consisting of nine building lots, was sold as a whole, when it ought to have been sold in lots, and that the prices obtained for the property at the sale were inadequate.   Purnell W. Andrews was present at the sale, and was able to protect the interest of himself and his copetitioners, by bidding on and buying in the property.   He not only purchased none of it, but as

to the piece containing nine lots, expressed himself satisfied with the price which it brought. Moreover, the sale took place on the 8th of January, 1881, and he did not file his petition until a month afterwards, and only four days before the day fixed by the master, in the conditions of sale, for the delivery of the deeds. The property is in Camden, and Andrews lives in that city. The delay is not explained. An examination of the testimony satisfies me that the master acted fairly and discreetly in refusing to grant the adjournment, which, it should be stated, was not asked for until after the sale had begun. Nor is the allegation of surprise sustained. The conduct of the complainant's solicitor appears to have been frank and fair, and he seems to have taken pains to obtain the best price practicable, for the property. There is no ground for the objection that the sale was conducted in a " mysterious" way, or that it was not understood by the persons present. The prices obtained were not only not such as to induce the court to set aside the sale for inadequacy, but they appear to be such as, in view of the fact that the sale was by public auction, should be regarded as very satisfactory. The master used his discretion in selling the piece containing nine lots as a whole, and, it may be added, he appears to have exercised it very judiciously. One of the other pieces of the property was struck off at $5, but the title was clouded, and it was bid in in behalf of the estate.

The order to show cause will be discharged and the petition dismissed, with costs.